UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY ANN THIEME,

      Plaintiff,

v.                          CASE No. 8:04-CV-867-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

_____

O R D E R

      The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[*] Because the decision of the Commissioner of Social Security fails to address important evidence regarding the plaintiff's Global Assessment of Functioning ("GAF"), the decision will be reversed and the matter remanded for further consideration.

I.

      The plaintiff, who was fifty-four years old at the time of the most recent administrative hearing and who has a high school education, has worked at various jobs, including as a housekeeper and a waitress (Tr. 138).

_____

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 9).

She filed a claim for supplemental security income, alleging that she became disabled due to problems with her wrist, right shoulder, pelvic and groin areas, hip, and depression (Tr. 132).  The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge.  The law judge found that the plaintiff had cervical spondylosis, rotator cuff tendonitis and depression (Tr. 71).  He concluded that these impairments limited the plaintiff to a restricted range of light work (Tr. 72).  He determined that, while the limitations prevented the plaintiff from performing prior work, they did not preclude the plaintiff from other jobs identified by a vocational expert (id.).

Upon the plaintiff's request for review, the Appeals Council vacated the law judge's decision and remanded for further proceedings (Tr. 110-112).  Accordingly, the same law judge conducted another hearing. The law judge then found that the plaintiff has severe impairments of "depression, posttraumatic stress disorder, alcohol abuse, dependent personality disorder, schizotypal features, right shoulder strain with rotor cuff tendonitis, cervical spondylosis fibromyalgia, polyarthralgia and polyneuropathy" (Tr. 26).  He concluded that these impairments limited the

plaintiff to simple, routine, and repetitive light work with a sit/stand option, only occasional stooping, twisting, squatting, kneeling, crawling, and stair climbing, and no reaching above the shoulder (Tr. 34). He determined that these restrictions prevented the plaintiff from returning to past work (id.). However, based on the testimony of a vocational expert, the law judge ruled that jobs existed in the national economy that the plaintiff could perform, such as cashier II, ticket seller, and bench assembler (Tr. 35). The law judge therefore decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy

itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff has both physical and mental impairments.  With respect to the plaintiff's mental status, the law judge found that the plaintiff suffers from depression, posttraumatic stress disorder, alcohol abuse, dependent personality disorder, and schizotypal features (Tr. 26).  The law judge concluded that "the claimant's mental impairments produce a slight limitation with the activities of daily living and moderate limitations with social functioning and concentration, persistence or pace" (Tr. 26).  In his hypothetical question to the vocational expert, the law judge converted these mental limitations into a restriction to "simple routine repetitive type work" (Tr. 413).

The plaintiff argues that, in making this assessment of the plaintiff's mental condition, the law judge did not give proper weight to the diagnoses and opinions of examining psychiatrists and psychologists (Doc. 18, pp. 3, 20).  More specifically, the plaintiff contends that the law judge erred because he did not even mention, much less evaluate, the GAF score of 50 given to the plaintiff by five different psychiatrists and psychologists

(not four as stated by the Commissioner (Doc. 20, pp. 4, 5, 7)) (see Tr. 226, 254, 297, 308, 324).

The Global Assessment of Functioning, or GAF, scale is designed to "[c]onsider psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders (4th Ed.), p. 32. A rating between 41 and 50 reflects **"[s]erious symptoms** (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) OR **any serious impairment in social, occupational, or school functioning** (*e.g.*, no friends, unable to keep a job)." Id. (emphasis in original).

The law judge's decision is deficient because it does not address the GAF rating of 50 assigned by five different mental health experts. The law judge needed to discuss those ratings because he must state the weight accorded each item of impairment evidence and the reasons for the decisions on such evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Otherwise, it could not be determined in this case whether the law judge had properly considered the GAF ratings.

Moreover, the GAF rating of 50, which indicates serious symptoms or a serious impairment in social or occupational functioning, appears inconsistent with the law judge's determination that the plaintiff only

had a slight limitation in activities of daily living and moderate limitations in social functioning and concentration, persistence, and pace. Consequently, the law judge must explain how he reconciled the apparent inconsistency. See Ryan v. Heckler, 762 F.2d 939, 941-42 (11th Cir. 1985).

I have previously concluded that a law judge's failure to evaluate a GAF score of 50 or less constituted reversible error. See, e.g., McTaggart v. Apfel, Case No. 98-2476-CIV-T-26(B) (Doc. 15, pp. 8-9); McDougall v. Barnhart, Case No. 8:02-CV-1796-T-TGW (Doc. 22, pp. 9-11). There is no basis for reaching a different conclusion in this case, particularly in light of the remarkable agreement of five different psychiatrists and psychologists on the plaintiff's GAF score.

The plaintiff also argues that the law judge did not consider the plaintiff's allegations of hip and low back problems in determining the combined effects of the plaintiff's impairments. However, as the Commissioner pointed out, the law judge did mention these problems in his discussion of the evidence. Moreover, the problems would appear to be covered by the law judge's credibility determination and his finding of the plaintiff's residual functional capacity. Nevertheless, while this contention in my view likely would not have justified a remand, the Commissioner on

remand might be well advised to address the matter and eliminate any lingering contention.

IV.

For the foregoing reasons, the decision of the Commissioner fails to address significant evidence concerning the plaintiff's mental impairment. Therefore, the decision is hereby REVERSED, and the matter is REMANDED to the Commissioner for further consideration. The Clerk shall enter judgment accordingly and close this case.

DONE and ORDERED at Tampa, Florida, this 22nd day of April, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE